UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>VICTOR ROMERO | No. 15 CR 437<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Victor Romero is currently serving a 120-month prison sentence for conspiracy to possess with intent to distribute over five kilograms of cocaine. He filed a motion seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). R. 92. In a separate filing, he asks for assistance in facilitating his transfer to home confinement. R. 87. For the reasons set forth below, these motions are denied.

**Background**

Romero was indicted on July 15, 2015 for possession with intent to distribute, and conspiracy to possess with intent to distribute, over five kilograms of cocaine, among other charges. The indictment alleged that Romero had a series of phone calls with a confidential informant ("CI-1") in late 2013 to early 2014 in which Romero claimed to have access to a large supply of cocaine and arranged a deal to sell nine kilograms to CI-1. After law enforcement seized the cocaine before delivery to CI-1 and another confidential informant ("CI-2"), Romero told CI-1 that the cartel suppliers in Mexico were pressuring him to pay for the lost drugs. Romero threatened to give CI-1's information to the cartel and pushed CI-1 to turn over CI-2.

In March 2015, Romero agreed to sell CI-1 2.5 kilograms of heroin. Based on this information, police searched his residence and found 2.29 kilograms of heroin. Romero was arrested on August 4, 2015 and has been in federal custody ever since.

Romero pled guilty to the conspiracy count. The government argued at sentencing that Romero was ineligible for safety valve relief under 18 U.S.C. § 3553(f) and Guideline § 5C1.2 because he used credible threats of violence against CI-1 and CI-2 in an effort to induce them to pay for the seized cocaine, and because he lied during his safety valve interview.

On November 1, 2017, the Court sentenced Romero to the mandatory minimum of 120 months imprisonment. According to the BOP, Romero's current projected release date is March 7, 2024.

## Standard

Under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), a court may modify a term of imprisonment upon a motion of the defendant "after the defendant has fully exhausted all administrative rights to appeal" and 30 days have passed without the Bureau of Prisons filing a motion on the defendant's behalf. In determining whether a sentence reduction under § 3582 is appropriate, courts consider: (1) whether "extraordinary and compelling reasons" warrant a reduction; and (2) whether a reduction is consistent with the factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021) (explaining the two-step process for reviewing compassionate release motions); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020).

**Discussion**

I. <u>Motion for Sentence Reduction</u>

The government concedes that Romero has satisfied the administrative exhaustion requirement in § 3582. The next question is whether Romero has demonstrated extraordinary and compelling reasons for a reduction in sentence. Romero argues that the ongoing COVID-19 pandemic, combined with several of his preexisting health conditions, place him at a serious risk of harm if he remains incarcerated. Romero suffers from obesity, hypertension, prediabetes, and chronic arthritis. R. 92 at 11-15. His hypertension and prediabetes are apparently managed by prescribed medication. R. 97-2. Romero received a second dose of the Pfizer COVID-19 vaccine on July 31, 2021 and is therefore fully vaccinated. R. 97.

The Court recognizes that, according to the CDC, obesity and hypertension are recognized comorbidities that may increase the risk of serious illness from COVID-19.[1] However, these risks are dramatically reduced through administration of a COVID-19 vaccine, which Romero has received. The CDC reports that vaccination is a safe and effective means of reducing the transmission and severity of COVID-

---

[1] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#MedicalConditionsAdults (accessed December 8, 2021). CDC guidance does not reflect any increased risk of COVID-related illness associated with prediabetes (though diabetes type I and II are listed as risk factors) or chronic arthritis.

related illness, including infections caused by the Delta variant,[2] which Romero cites as the most pressing concern in federal prisons at this time. R. 100.

Accordingly, the Seventh Circuit has held that vaccinated prisoners and those with access to a vaccine cannot use the risk of COVID-19 infection as an "extraordinary and compelling" reason for a sentence reduction. *See United States v. Broadfield*, 5 F.4th 801, 803 (2021); *see also United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) (indicating it would be an abuse of discretion for a district court to grant a motion for compassionate release based on the risk of COVID-19 infection to a prisoner with access to vaccination). Furthermore, according to the latest public information from the BOP, the facility where Romero is housed (FCI Petersburg Low) currently has no active COVID cases among inmates and only two active cases among the staff.[3] BOP's clinical guidance also indicates that booster vaccinations will be made available to all inmates consistent with CDC recommendations.[4] Because Romero is vaccinated, he is ineligible for relief. *United States v. Kurzynowski*, 17 F.4th 756, 761 (7th Cir. 2021).

Romero also urges the Court to consider his "substantial rehabilitation" in support of a sentence reduction. However, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t);

---

[2] *See* https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html (accessed December 8, 2021).

[3] *See* https://www.bop.gov/coronavirus/ (accessed December 8, 2021).

[4] *See* https://www.bop.gov/resources/pdfs/covid_19_vaccine_guidance_v14_0_2021.pdf (dated October 13, 2021).

4

*United States v. Wentzel*, 858 F. App'x 943, 945 (7th Cir. 2021). Even crediting Romero's asserted progress during his incarceration does not warrant the relief he seeks.

While the lack of "extraordinary and compelling" justification for a reduction in sentence is sufficient to deny Romero's motion, the Court also notes that the § 3553(a) factors do not support relief. Romero's offense was serious and involved the attempted distribution of a large quantity of narcotics. Perhaps even more concerning was his response to law enforcement's first intervention, when he threatened to turn over an informant (unknown to Romero at the time) to a drug cartel, an effective death sentence. Romero may not have physically harmed anyone, but his characterization of his offense as "non-violent" is somewhat disingenuous.

II.     Motion to Modify Sentence to Impose Home Confinement

Although Romero's "Letter to the Court" is not styled as a motion, the Court will construe it as such for present purposes. *See United States v. Antonelli*, 371 F.3d 360, 361 (7th Cir. 2004) ("When determining the character of a pro se filing, however, courts should look to the substance of the filing rather than its label."). In his motion, Romero states that his case manager recommended him for home confinement under the CARES Act on November 17, 2020, but that he has been unsuccessful in securing this transfer and seeks the Court's assistance in resolving the issue. The Court lacks authority to order Romero transferred to home confinement, as the BOP and Attorney General have plenary control over the placement of inmates. *United States v. Saunders*, 986 F.3d 1076, 1078. While the Court may, under § 3582(c)(1)(A), "impose

5

a term of probation or supervised release" on the condition of home confinement, this would require the Court to find that a reduction in sentence was warranted. As explained above, it has not. Therefore, Romero's motion must be denied.

## Conclusion

For the foregoing reasons, Romero's motion to reduce his sentence [R. 92] and his motion to modify his sentence to impose home confinement [R. 87] are denied.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: December 9, 2021